IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY THOMAS HENRY, *
      Plaintiff
                                                             *
   v.                                                   CIVIL ACTION NO. AW-09-2096
                                                    *
K. HORNING, et al.,
      Defendants       *
                                  *******

**MEMORANDUM OPINION**

On August 6, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking injunctive relief. Counsel for Defendants has filed a dispositive motion (Paper No. 9), which shall be treated as a Motion for Summary Judgment. Plaintiff has filed a response. (Paper No. 11). No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2009).

**Factual Background**

Plaintiff states that during a rule infraction hearing, he was not permitted to see or hear evidence against him because it has been labeled "confidential." Plaintiff states he was charged with possession of a cell phone, tobacco, and alcohol, but that none of these items were recovered. Plaintiff appealed the hearing officer's decision to the Warden. He asks that his "ticket" be over turned because his constitutional rights were violated during the disciplinary hearing. Paper No. 1

At the time of the infraction, Plaintiff was incarcerated at the Maryland Correctional Training Center. The uncontroverted records demonstrate that on March 25, 2009, Lieutenant Frick wrote Plaintiff a notice of infraction for three telephone calls Plaintiff had made on March 13 and March 21, 2009, during which Plaintiff attempted to arrange for tobacco, a pint of Grey Goose vodka, and a

cell phone to be brought to his work site.[1]  Paper No. 9, Ex. A.  He was charged with violating Rule 121, Division of Correction Directive ("D.C.D.") 105-5, V-A "Possession of tobacco, or article of paraphernalia for the use of tobacco in sufficient quantity that reasonably suggests intent to distribute," Rule 122, D.C.D. 105-5, V-A, "Possession of a cellular phone or any other unauthorized transmission device.," and Rule 301, D.C.D. 105-5, V-C, "Unauthorized possession or use of alcohol"  D.C.D. 105-5, IV-C provides that "Attempting to commit a violation or soliciting conspiring, being an accessory to, or aiding the commission of a rule violation shall be considered a violation and subject an inmate to that violation's prescribed sanction." The incident was referred for a formal hearing. *Id*.

The hearing was held on April 1, 2009. Plaintiff argued that no contraband was found on him and that nothing had resulted from the alleged conversation. *Id*. In considering the case, Hearing Officer Al Davis considered the written notice of rule infraction, Plaintiff's testimony, as well as confidential information. He found Plaintiff guilty of violating all three rules as charged. Plaintiff received ninety days loss of telephone privileges, and 180 days loss of visitation. He also received ninety days of segregation followed by sixty days of cell restriction. He did not lose any good time credits. *Id*.

On April 1, 2009, Plaintiff appealed the decision to the Warden's Office, which affirmed the decision and sanction of the hearing officer. *Id.*

## Standard of Review

A.     Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived

---

[1] This information was discovered during an investigation which included telephone monitoring and surveillance. Paper No. 9, Ex. A., p. 13.

therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.  Motion for Summary Judgment

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her

3

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

The uncontroverted records reveal that Plaintiff was charged with soliciting contraband over the phone. Plaintiff was served with notice of inmate rule violations. He appeared before an adjustment hearing officer and pleaded not guilty to the charges. He did not ask for any witnesses to appear at the hearing. Plaintiff testified at his adjustment hearing that he should not be found guilty because no contraband was found on him and that the phone conversation was "just a conversation." He was found guilty of all rule infractions and received ninety days of segregation, sixty days of cell restriction, ninety days loss of telephone privileges, and 180 days loss of visitation. Paper No. 9, Ex. A., p. 3-8. No good time credits were revoked. *Id*. Plaintiff received a copy of the hearing officer's decision on the date of the hearing. *Id*., p. 8.

The undersigned finds that Plaintiff's due process rights were not violated. Plainly, Plaintiff was afforded the procedural due process required under *Wolff v. McDonnell*. Moreover, Plaintiff's substantive due process rights were met in that the disciplinary hearing decision was unquestionably based upon "some evidence" submitted at the hearing. *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. at 455.

## Conclusion

Defendants are entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum Opinion.

                                                         _____/s/_____
                                                         Alexander Williams, Jr.
                                                         United States District Judge